IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSS CHASE

             Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION

             Defendant.

Case No. 3:15-cv-00950-MA

OPINION AND ORDER

MERRILL SCHNEIDER
Schneider Kerr Law Offices
P.O. Box 14490
Portland, OR 97293

    Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

CATHERINE C. ESCOBAR
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Ross Chase seeks judicial review of the final partially favorable decision of the Commissioner of Social Security on his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, I affirm the final decision of the Commissioner.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on July 10, 2009, alleging disability beginning March 20, 2009, due to deep venous thrombosis. Administrative law judge ("ALJ") Riley J. Atkins held a hearing and issued an unfavorable decision dated July 14, 2011. On July 25, 2012, the Appeals Council granted Plaintiff's request for review, and remanded the case. On December 28, 2012, ALJ Atkins issued a second unfavorable decision. On July 2, 2013, the Appeals Council again granted Plaintiff's request for review and remanded the case for a second time. On October 27, 2014, ALJ Dan R. Hyatt issued a partially favorable decision, finding that beginning January 5, 2014 (Plaintiff's fiftieth birthday), Plaintiff is disabled. On March 27, 2015, the Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's October 27, 2014 decision became the final decision of the Commissioner for purposes of review.

Born in 1964, Plaintiff was 45 years old on his alleged disability onset date and 50 years old at the 2014 hearing. Plaintiff has a high school education and past relevant work as a line cook.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Molina*

2 - OPINION AND ORDER

*v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

Plaintiff meets the insured status requirements for a DIB application through December 31, 2014. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity from his alleged onset date of March 20, 2009, through his date last insured. At step two, the ALJ found that Plaintiff had the following severe impairments: deep venous thrombosis, obesity, and alcohol and marijuana abuse. At step three, the ALJ found that Plaintiff's impairment or combination of impairments, did not meet or medically equal a listed impairment.

The ALJ assessed that prior to January 5, 2014, Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work with the following limitations:

> [he] could stand and walk up to two hours at a time in each activity (cumulatively, not consecutively) in a normal eight-hour workday with normal breaks. He could sit six hours (cumulatively, not consecutively) in a normal eight-hour workday with normal breaks. He was limited in the use of foot controls to no more than occasionally. He could occasionally climb stairs and equivalent ramps. He could not do any other climbing, such as climbing ropes, ladders and scaffolding. He was limited to occasional stooping, kneeling, crouching and crawling. He must avoid concentrated exposure to extreme cold, wetness and hazards, such as working at protected heights or around machinery with exposed moving parts.

Transcript of Record ("Tr.") at 19, ECF No. 13. The ALJ also found that beginning January 5, 2014, Plaintiff has the RFC to perform the full range of sedentary work.

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work. At step five, the ALJ concluded that prior to January 5, 2014, considering Plaintiff's age, education, work experience, and residual functional capacity, jobs existed in significant numbers in the national

economy that Plaintiff could have performed, such as telemarketer, national credit card interviewer, parking lot cashier and electronics worker. Accordingly, the ALJ concluded that Plaintiff was not disabled from March 20, 2009 through January 5, 2014. However, beginning January 5, 2014, Plaintiff's age category changed from a younger individual (age 18-49) to an individual closely approaching advanced age (age 50-54). The ALJ found that considering Plaintiff's age and an RFC for the full range of sedentary work, Medical-Vocational Rule 201.14 directs a finding of disabled as of January 5, 2014. Therefore, the ALJ determined that Plaintiff was not disabled prior to January 5, 2014, but became disabled on that date, and has continued to be disabled through the date of the ALJ's decision. Finally, the ALJ found that Plaintiff's substance abuse disorder is not a contributing factor material to the determination of disability.

## ISSUE ON REVIEW

Plaintiff contends that the ALJ improperly evaluated the opinion of his treating physician Joseph Eisenberg, M.D., and that due to this harmful error, an immediate award of benefits is warranted.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Even if the ALJ commits legal error, I must uphold the decision where that error is harmless. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

## DISCUSSION

### I. The ALJ Provided Specific and Legitimate Reasons for Partially Discounting Dr. Eisenberg's Opinion

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Garrison*, 759 F.3d at 1012; *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). In addition, a doctor's work restrictions based on a claimant's subjective statements about symptoms are reasonably discounted when the ALJ finds the claimant less than fully credible. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson*, 359 F.3d at 1195.

Plaintiff complains that the ALJ erred by providing only "some weight" to the opinion of Dr. Eisenberg, who has served as his primary care physician ("PCP") since December 28, 2011. Tr. 602. Dr. Eisenberg took over Plaintiff's care after Jessica Sosso-Vorpahl, M.D., Plaintiff's previous PCP, left the clinic. Tr. 602. In a December 5, 2012 questionnaire provided by Plaintiff's attorney, Dr. Eisenberg opined that Plaintiff suffers from DVT and phlebitis due to a protein S deficiency, gout, peripheral edema, and major depression.[1] Tr. 602. Dr. Eisenberg indicated that it is medically necessary for Plaintiff to elevate his legs for 15 minutes each hour.[2] Dr. Eisenberg further opined that Plaintiff meets the criteria for Listing 4.11 (chronic venous insufficiency), stating that he suffers from venous insufficiency, but that "edema is only 50% of left leg." Tr. 603.

Regarding Plaintiff's residual functional capacity, Dr. Eisenberg opined that Plaintiff can occasionally lift and carry 10 pounds, frequently lift and carry 10 pounds, can stand and walk for 20 minutes at a time, for a total of two hours in an eight hour day. Dr. Eisenberg noted that Plaintiff can sit for one hour at a time for a total of four hours in an eight-hour day. Tr. 604. Dr. Eisenberg stated that Plaintiff must spend the remainder of his day lying down or with his legs elevated due to edema. Additionally, Dr. Eisenberg opined that Plaintiff would miss 16 hours or more per month from a simple and routine sedentary job because of his impairments due to increased pain and leg swelling. Tr. 605.

---

[1] I note that Plaintiff has not alleged disability based on depression and refused treatment for depression on several occasions. Tr. 530, 628, 649, 651.

[2] In a June 15, 2011 functional capacity form and questionnaire, Jessica Sosso-Vorpahl, M.D., opined that Plaintiff needs to raise his legs for 30 minutes every two hours. Tr. 599. In the 2014 decision, the ALJ determined that there are no medical signs or clinical findings to support this requirement, and gave Dr. Sosso-Vorpahl's opinion little weight because it is based entirely upon Plaintiff's subjective complaints. Dr. Sosso-Vorpahl's opinion is not at issue in this action.

6 - OPINION AND ORDER

As the ALJ indicated, Dr. Eisenberg's opinion was contradicted by examining physicians John H. Ellison, D.O., as well as Patrick Tester, M.D., Jordan Laub, M.D., and Mark Harrington, M.D., emergency room physicians at Mount Hood Medical Center; and non-examining agency physicians J. Scott Pritchard, D.O., and Neal E. Berner. Accordingly, the ALJ was required to provide specific and legitimate reasons based on substantial evidence in the record for discounting Dr. Eisenberg's opinion.

The ALJ thoroughly discussed Dr. Eisenberg's opinion that Plaintiff meets the criteria of Listing 4.11 at Step Three. As the ALJ correctly indicated, Dr. Eisenberg noted that Plaintiff has venous insufficiency, yet did not specify whether Plaintiff satisfies part A (extensive brawny edema) or part B (superficial varicosities, stasis dermatitis, and recurrent or persistent ulcerations) of the listing. Tr. 18. Additionally, the ALJ addressed that Dr. Eisenberg did not adequately explain how the listing criteria is met, and most critically, that Dr. Eisenberg provided "no objective findings or reference to medical records that support his finding." Tr. 18. An ALJ may reject a treating or examining physician's opinion when it "is not well-supported" or "is inconsistent with other substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *Batson*, 359 F.3d at 1195 ( "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings") (internal citation omitted). Although not specifically challenged by Plaintiff, I conclude that the inconsistency with the medical record and lack of objective support are legally sufficient reasons for the ALJ to reject Dr. Eisenberg's opinion that Plaintiff meets Listing 4.11. This finding is wholly supported by substantial evidence in the record and is free of legal error.

The ALJ gave Dr. Eisenberg's opinion concerning Plaintiff's functional limitations "some weight" and explained that it was not given full weight because Dr. Eisenberg did not consider the effect of Plaintiff's ongoing substance abuse and his medical non-compliance on his functional capacity. Specifically, the ALJ discussed:

> The record shows alcohol use continued into 2012. In March 2012, Dr. Eisenberg noted [Plaintiff] was not taking hypertension medication. Neither was he on a low-salt diet. He was not walking much. He was taking Coumadin. In December 2012, he was continuing his daily cigarette habit. As [Plaintiff's] treating physician who has treated and observed [Plaintiff's] impairments over time, Dr. Esinberg is in an advantageous position to assess the effect of his impairments on functional ability. Unfortunately, this doctor failed to consider [Plaintiff's] ongoing substance abuse, his diet, and his lack of hypertension medication.

Tr. 24 (internal record citations omitted).

A claimant's failure to follow a prescribed course of treatment can provide a specific and legitimate reason for discounting a physician's opinion. *Orn*, 495 F.3d at 638 ("if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated"); *see Bartlett v. Colvin*, No. 1:14-cv-00142-SB, 2015 WL 2412457, *8 (D. Or. May 21, 2015) (concluding that a claimant's failure to follow a course of treatment undermines the intensity and persistence of the limitations described by the treating physician and constitutes a specific and legitimate reason for discounting opinion); 20 C.F.R. §§ 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled"). Impairments that are effectively controlled with medication are not disabling. *Warre v. Commissioner of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As the ALJ accurately indicated, Dr. Eisenberg's treatment records consistently reflect that Plaintiff was noncompliant with his hypertension medication, and failed to follow a low salt diet, cease smoking, exercise regularly, and lose weight.

8 - OPINION AND ORDER

Tr. 610, 621, 622, 625, 650-51. Therefore, the ALJ's finding is backed by substantial evidence. Indeed, Plaintiff does not dispute that he was not compliant in these regards. Nevertheless, Plaintiff argues that the ALJ should not have discounted Dr. Eisenberg's opinion based on his noncompliance because his hypertension was not a severe impairment at Step Two and because the doctor was aware of Plaintiff's noncompliance at the time the opinion was offered. Plaintiff's arguments miss the mark.

Based on the record, the ALJ may reasonably have believed that Plaintiff's functional capacity would have improved if Plaintiff was compliant with these other aspects of his healthcare treatment. And, Plaintiff's failure to take his hypertension medication increased his risk of bleeding, a negative side effect of his wafarin (Coumadin) therapy for his DVT. Therefore, the ALJ rationally determined that Dr. Eisenberg's assessment was not an accurate reflection of Plaintiff's true abilities and function. Although Plaintiff suggests an alternative interpretation of the evidence, the ALJ's interpretation is reasonable and will not be disturbed. Therefore, I conclude that Plaintiff's noncompliance is a specific and legitimate reason, backed by substantial evidence, for partially discounting Dr. Eisenberg's opinion. *Bartlett*, 2015 WL 2412457 at * 8; *see also Passi v. Colvin*, No. CV 14-08456-JEM, 2015 WL 4163100, *5 (C.D. Cal. July 8, 2015) (finding noncompliance with medications was specific and legitimate reason for discounting physician's opinion); *Owen v. Astrue*, 551 F.3d 792, 799-800 (8th Cir. 2008) (finding claimant's noncompliance with attending appointments, diet and exercise undermined treating physician's opinion).

The ALJ also discounted Dr. Eisenberg's opinion because of Plaintiff's continued alcohol consumption in 2012. As the ALJ discussed, Plaintiff admitted to consuming very large quantities of alcohol when working as a chef. Tr. 22. The ALJ noted that Plaintiff reported that he reduced

9 - OPINION AND ORDER

his alcohol consumption dramatically because alcohol acts as a blood thinner and interferes with his wafarin (Coumadin) treatment for DVT. The ALJ's decision suggests that Plaintiff under-reported his alcohol consumption to Pamela Watne, R.N. and Kae Poneck, R.N., the nurses working with Dr. Eisenberg to monitor Plaintiff's wafarin treatment, and discounted Dr. Eisenberg's opinion because it failed to take Plaintiff's ongoing substance abuse into consideration.

Examination of Plaintiff's wafarin treatment records show that Plaintiff reported only moderate alcohol consumption in 2012. More importantly, these records reveal that Plaintiff's alcohol consumption did not appear to negatively impact his wafarin dosing. Indeed, there were numerous occasions where Plaintiff reported moderate alcohol consumption without any resulting change to his dosing. *See, e.g.*, Tr. 554, 560, 615, 634. Therefore, because the records show that Plaintiff reported moderate alcohol consumption which did not appear to interfere with his wafarin treatment, I conclude the ALJ's reasoning on this point is not supported by substantial evidence, and the ALJ erred.

The error, however, is harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (applying harmless error to ALJ's evaluation of treating physician's opinion); *Molina*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination" in the context of the record as a whole.) (citations and quotations omitted). As discussed above, the ALJ's discussion of Dr. Eisenberg's opinion remains supported by a specific and legitimate reason – plaintiff's noncompliance – backed by substantial evidence for partially discounting Dr. Eisenberg's opinion. Therefore, because the error is inconsequential to the ultimate non-disability determination, it is harmless. *Id.*; *Carmickle*, 533 F.3d at 1162.

Moreover, when the ALJ's reasoning is viewed in the context of the record as a whole, it is readily apparent that the ALJ's evaluation of Dr. Eisenberg's opinion remains supported by substantial evidence. The ALJ discussed the lack of objective medical evidence for Dr. Eisenberg's opinion that plaintiff meets Listing 4.11. Although not specifically addressed under the RFC heading, the ALJ clearly reviewed all of Dr. Eisenberg's records and found that the severity of Dr. Eisenberg's assessed limitations were not supported by objective evidence or clinical findings in the medical record. As noted above, this finding is readily supported by substantial evidence, and is unchallenged by plaintiff. Thus, the ALJ's discussion at Step Three lends additional substantial evidence to the ALJ's partial discounting of Dr. Eisenberg's opinion and RFC findings. *See Lewis v. Apfel*, 236 F.3d at 513 (holding the ALJ is required to "discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'"); *Kennedy v. Colvin*, 738 F.3d 1172, 1178 (9th Cir 2013) (same); *Perkins v. Colvin*, 45 F.Supp.3d 1137, 1149 (D. Ariz. 2014) (finding ALJ's discussion of inconsistent treatment notes that appeared earlier in the ALJ's decision was sufficient to support rejection of examining physician's opinion); *Evenhus v. Astrue*, 815 F.Supp.2d 1154, 1160 (D. Or. 2011) (finding ALJ's thorough discussion and evaluation of the medical evidence later in decision was satisfactory); *Grube v. Colvin*, 566 Fed. App'x 562 (9th Cir. 2014) (noting that ALJ's decision as a whole refuted physician's opinion and provided specific and legitmate reason supported by substantial evidence).

Furthermore, as the ALJ discussed throughout the decision, Plaintiff provided inconsistent testimony about his ability to walk, reporting that he can walk one and a half miles before pain and fatigue, and inconsistently reporting he can walk and stand for up to four hours. Tr. 440, 530. The ALJ's negative credibility determination is supported by substantial evidence and is unchallenged

11 - OPINION AND ORDER

in this action. Tr. 20, 22, 23. Lastly, as mentioned earlier, the ALJ rejected Dr. Sosso-Vorpahl's limitation that Plaintiff needed to elevate his legs every two hours as unsupported by clinical findings or objective medical evidence, a limitation similar to that provided by Dr. Eisenberg. The ALJ's evaluation of Dr. Sosso-Vorpahl's opinion is backed by substantial evidence and is unchallenged in this action. In short, because the ALJ's interpretation of Dr. Eisenberg's opinion is reasonable and supported by substantial evidence in the record as a whole, I can confidently conclude any error by the ALJ was inconsequential to the non-disability determination. *Treichler*, 775 F.3d at 1099.

## CONCLUSION

For the reasons set forth above, the Commissioner's final partially favorable decision is AFFIRMED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 13 day of APRIL, 2016.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge